UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-
NOV 17 2021
At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CAUSE NO. |
| ) | 2:21CR154 |
| v. ) | |
| ) | 18 U.S.C. § 1343 |
| JEFFREY BOYLETT ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

At time material to this Indictment:

1. The Small Business Administration (SBA) was a federal agency that provided financial support to small businesses to help them recover after disasters.

2. One of the programs SBA administered during the presidentially declared emergency caused by the COVID-19 pandemic was the Economic Injury Disaster Loan (EIDL) program.

3. Under the EIDL program, the SBA provided low-interest loans to small businesses affected by the COVID-19 pandemic. EIDL funds were to be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

1

4. To obtain EIDL money, an authorized representative of a qualified business was required to submit an intake application form to SBA through an online portal.

5. In the electronic application form, an applicant was required to provide information about their business's operations, including the number of employees, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period before the disaster.

6. For a business to be eligible for an EIDL, it must have been in operation before February 1, 2020.

7. An EIDL applicant was also required to certify that all of the information in the application form was true and correct. The applicant was notified that false statements could result in criminal penalties.

8. An EIDL applicant was also eligible to receive money from SBA in the form of a grant that did not need to be repaid.

9. Approval of an EIDL application and the amount of any grant or loan was based on the information provided on the application form.

10. SBA disbursed EIDL funds to a successful applicant's bank account via ACH payment from the U.S. Treasury Department.

## SCHEME TO DEFRAUD

11. From approximately April 2020 to July 2020, in the Northern District of Indiana and elsewhere, Jeffery Boylett (hereinafter Defendant

2

Boylett), knowingly devised and participated in a scheme to defraud SBA by applying for and receiving SBA grant and loan funds for a fictious business.

## PURPOSE OF SCHEME

12. The purpose of the scheme was to obtain money from SBA by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

## MANNER AND MEANS

13. It was part of the scheme that Defendant Boylett used the internet to submit a fraudulent SBA intake application form to obtain EIDL funds on behalf of a fictitious business, he called "Bills".

14. It was further part of the scheme that in response to questions on the application form, he filled in responses to make it appear that the fictional business, "Bills", was engaged in "health services"; that it had "5" employees and gross revenue of "$240,000"; and that it had existed since "3/2/1999", when in fact the business did not exist.

15. It was further part of the scheme that Defendant Boylett affixed his e-signature to a EIDL loan agreement on behalf of "Bills" as its owner/officer, when in fact he owned no such company.

16. It was further part of the scheme that Defendant Boylett collected approximately $109,900 in proceeds from the SBA to which he was not entitled.

## USE OF THE WIRES IN SCHEME TO DEFRAUD

17. Throughout the scheme to defraud, Defendant Boylett knowingly caused the use of interstate wires.

## COUNTS 1-4

18. Paragraphs 1-17 are incorporated here.

19. On or about the following dates in the Northern District of Indiana and elsewhere,

**JEFFREY BOYLETT,**

having knowingly and intentionally devised and participated in the scheme and artifice to defraud described above, did knowingly send and cause to be sent by wire communications in interstate commerce, certain writings, signs, and signals for the purpose of executing and attempting to execute the scheme and artifice to defraud, including the following:

| COUNT | ON OR ABOUT DATE | WIRING |
|---|---|---|
| 1 | April 10, 2020 | Submission of fraudulent SBA Intake Application (#..5352) via the internet |
| 2 | June 15, 2020 | Submission of fraudulent loan agreement (#...7910) via the internet |
| 3 | June 26, 2020 | Receipt via electronic ACH payment of SBA funds in the amount of $104,900 into checking account (#...4779) |
| 4 | July 7, 2020 | Receipt via electronic ACH payment of SBA funds in the amount of $5,000 into checking account (#...4779 ) |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1-4 of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343, alleged in Counts 1-4 of the Indictment, the defendant shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. Upon conviction of an offense set forth in in this Indictment, the government will seek a money judgment in the amount of proceeds received for the defendant's participation in the alleged scheme.

4. If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c).

        A TRUE BILL:

         /s/ Foreperson
        FOREPERSON


        CLIFFORD D. JOHNSON
        UNITED STATES ATTORNEY

BY: */s/ Molly Kelley*
    Molly Kelley
    Tom McGrath
    Assistant United States Attorneys